## *JANE H. CAMPBELL, ADM'X, v. WILLIAM H. H. CAMPBELL.

**1. A JUDGMENT FOR PRINCIPAL AND ACCRUED INTEREST WHICH MAY BEAR TEN PER CENT.**

A judgment rendered on a promissory note, given under the act of March 14, 1850 (known as the ten per cent. law), due one day after date, and bearing interest from date until paid at the rate of ten per cent. per annum, for the principal of said note and interest at the stipulated rate up to the date of said judgment, and ordering that the whole amount of said judgment should bear interest at the rate of ten per cent., was warranted by the statutes governing such contracts, and specifying what interest the judgments thereon should bear.

**2. IF JUDGMENT EXCESSIVE, NOT TO BE TREATED AS A CLERICAL ERROR, AFTER 25 YEARS.**

When such a judgment was allowed to stand for more than twenty-five years without any objection thereto, and frequent payments were made thereon in his life-time by the judgment debtor, and after his death it was revived against the administratrix of his estate; on a petition filed by said administratrix to have such judgment adjudged satisfied by the payment of an amount, sufficient with other payments made thereon, to pay the principal sum incorporated into said judgment, with interest thereon at ten per cent. and the interest incorporated therein, with interest at six per cent.

Held: That the provision in said judgment, that the whole amount thereof should bear interest at ten per cent. can not, in said action, be held to be a mere clerical error, and be disregarded or corrected by the court. It was a part of the judgment of the court, and if erroneous should have been reviewed by petition in error within three years, or by proceedings to vacate or modify the judgment at a subsequent term, within the time fixed for such proceedings.

**3. PLEA OF STATUTE OF LIMITATIONS ALLOWED THOUGH NOT SET UP.**

If in such action the plea of the statute of limitations is not set up, and the claim of the plaintiff is a stale one, and it will be in furtherance of justice to do so, the trial court has discretion to allow it to be done at the hearing, or before judgment.

**4. PRACTICE OF THE COURTS AS CONSTRUCTION OF A LAW.**

The uniform and generally adopted practice of the courts in cases where no adjudication against it can be shown is to be regarded as the correct interpretation of the law.

APPEAL from the Court of Common Pleas of Butler county.

SMITH, C. J.

The petition of the plaintiff alleges, substantially, that on the 1st day of June, 1859, W. H. H. Campbell, the defendant, commenced in the court of common pleas of Butler county, Ohio, an action against Lewis D. Campbell, on two promissory notes made by him to said W. H. H. Campbell, one for $2,658.00, dated August 1, 1854, due one day after date, and bearing ten per cent. interest from date until paid, and on which no payments had been made—and the other dated November 28, 1854, due one day after date, calling for $287.06, with ten per cent. interest until paid, and which was credited, November 27, 1854, with $183.40. That the petition in said cause claimed a judgment on said two notes as follows: On the first, $2,658.21, with interest at ten per cent. from August 1, 1854, and on the second the sum of $103.66, with ten per cent. from November 28, 1854. That said Lewis D. Campbell was duly summoned in said action June 10, 1859, and on the

---

* This case was dismissed by the supreme court for want of preparation, April 21, 1891. Motion to reinstate was overruled, June 30, 1891, there being no error in the record.

29th of October, 1859, judgment was taken by default against him for $4,208.60, the amount found due on said notes, and for costs, and it was ordered by said court "that said judgment bear ten per cent. interest per annum until paid." The plaintiff in this case further alleges, that after the rendition of said judgment said Lewis D. Campbell made fifteen different payments thereon, commencing February 3, 1860, and ending December 22, 1875, in all over the sum of $5,000. That said Campbell having died, and said judgment, by reason thereof, having become dormant, on the 7th of March, 1885, it was revived against the plaintiff, as the administratrix of his estate, but said order of revivor provided, that nothing therein was to prevent the said administratrix, or the heirs of said Campbell, from showing payments on the said judgment since its rendition.

The petition further alleges that the costs on said judgments have been paid, and that on December 26, 1886, she, as the administratrix of Campbell, tendered to the defendant $2,431.04 in payment of the balance of said judgment, but that he refused to accept it, claiming that a much larger sum was due thereon. She says no more was due thereon, and offers to bring the sum into court for the defendant. She further states that there was a "clerical inaccuracy" in the entry of said judgment, in this: that it recites that the judgment should bear ten per cent. interest per annum until paid, whereas it should have recited that the interest should only bear six per cent. per annum from the date of said judgment, and which clerical inaccuracy ought to be disregarded, or if necessary, corrected. That the entry furnished was in the handwriting of Judge Hume, then the attorney of W. H. H. Campbell in said action. That the recitals in the petition of said Campbell, and the copies of the notes set out therein, show that the interest should only bear six per cent. interest. That when she tendered the said sum to Campbell, she requested him to cancel said judgment, which he refused to do. The prayer of her petition is, that he be required to accept the said tender and cancel said judgment, and that on his default the court will order satisfaction thereof.

The answer of the defendant admits the allegations of the petition as to the recovery and revivor of the judgment, the character and amounts of the notes sued on, and the tender by the plaintiff of the amount named, and the refusal of the defendant to accept the same in full payment of the judgment; but it denies some of the payments claimed by plaintiff, and the time of payment of others. It admits that the original judgment entry was prepared by Judge Hume, then attorney for the defendant, and denies the other allegations of the petition.

The parties have now agreed as to what payments have been made upon the judgment, and when they were made, and the questions which are submitted for our decision are, first, whether the judgment of the court of common pleas in the original case, that the whole judgment (which included both the principal and the interest then due on the note), should bear interest at the rate of ten per cent. per annum, was in accordance with law. And, second, if not, whether the court can now, on the pleadings, find and adjudicate that said order is to be disregarded, or the "clerical inaccuracy," as it is called in the petition, can now be corrected by us.

The debt on which the judgment was founded was contracted while the law of March 14, 1850, was in force—2 Curwen, 1569. The first section of this act authorized parties to contract in writing for any rate of interest, not exceeding ten per cent. Section 2 provided, "that upon all judgments or decrees rendered upon any bond, bill, promissory note or other instrument aforesaid, interest shall be computed until payment, at the rate specified in such bond, bill, note, or other instrument, not exceeding ten per centum, as aforesaid, but in case no rate of interest be specified, at six per centum yearly."

On the 25th day of February, 1859, and March 31, 1859, two acts were passed —the first repealing the act of March 14, 1850, which was to take effect April 1, 1859, and the other which was to take effect on its passage (March 31, 1859), "limited the operation of the repealing act, so that it should "not apply to any contracts then existing, or that may be made before the taking effect of said act," and

providing that "said contracts shall be and remain in full force and effect, and upon all judgments rendered upon any of the aforesaid contracts, interest shall be computed until payment, at the rate specified therein, not exceeding ten per centum per annum, as though said act passed February 25, 1859, had not been passed." 1 S. & C. 744-745.

This last law was in force at the time of the rendition of the judgment in the case under consideration, and whether the judgment was right or wrong in the point referred to, depends on the construction to be placed upon these two statutes, the original ten per cent. law, and the act limiting the act repealing it.

We think it entirely clear that the legislature had the right to enact a law, that the whole judgment rendered on a note given under the ten per cent. law, including both principal and the accrued interest up to the date of the judgment, should bear the same rate of interest, say ten per cent.—for if the statute so provides, it in effect becomes a part of the contract between the parties.

We think, too, that such was the meaning of these statutes. The language is express, that "upon all judgments rendered upon such contracts, interest shall be computed until payment at the rate specified in the instrument." The only rate specified in the Campbell notes was ten per cent., and certainly there is no language in the statute which in terms, or even by fair implication, limits that rate to the principal sum brought into the judgment, which is a unit.

It is true, as claimed by the counsel for the plaintiff, that under such a construction of the statutes, there will be cases in which the interest on a ten or eight per cent. note (as when the interest is made payable annually, and no rate fixed thereon) will bear a higher rate of interest after the judgment than it did before. But if the statute allows it, this is the end of it and it is binding on the courts as well as on the parties.

That such is the true meaning of these laws we think is shown by the nearly uniform practice of courts and lawyers, under them, and under the eight per cent. law, which is substantially similar in its provisions. It was stated to us by counsel for the plaintiff, that the practice in Butler county has not been uniform in this regard; that sometimes one mode was adopted, and sometimes the other, and such seems to have been the case. But so far as we have personal knowledge of the practice in other counties, it has been to make the whole judgment, for principal and interest, bear the rate of interest stipulated in the instrument on which the judgment was rendered—and since the hearing of the case, we have been advised by judges and lawyers in different parts of the state, that the same rule prevailed with them, and without any controversy. And if it be true that such has been the practice of the courts under these laws for nearly forty years, and no adjudication against it can be shown, it is a very strong argument that the practice is founded on a correct interpretation of the law. As Judge Lane says in the case of Cheadle v. Buell, 6 O., 67, 68, on another question: "Such has been the uniform practice throughout the state, as far as can be ascertained by recollection and inquiry. We have no instance in which such an appeal has been taken and acted upon. The practice on a point like this is regarded as full evidence of the law."

But we are not without adjudications which support such a construction. In two cases, we think, the Supreme Court has practically settled the question. They are the cases of The Marietta Iron Works v. Lottimer, 25 O. S., 621, and The Hydraulic Co. v. Chatfield, 38 O. S., 575; the latter case originating in Butler county. In both, the obligations bore interest at a rate higher than six per cent.—one bearing interest at seven and the other at ten. In neither, was there a provision that matured interest should bear the higher rate. In both the judgment included a large amount of interest, and the finding of the court was, in each case, that the whole judgment should bear interest at the stipulated rate, viz.: seven and ten per cent. Both cases were taken on error to the Supreme Court on the question, whether the trial courts had found the proper amount of interest, and in both the judgments below were affirmed. It is true that no point seems to have been made

on the question now under consideration; but this of itself is a strong argument in favor of the proposition, that there is no doubt as to the proper construction of the law; for if there was question of it, it is amazing that astute counsel and learned courts would have overlooked an error of such magnitude.

The syllabus in the first of these cases, on this point, was: "A judgment taken on such a note" (one bearing interest at seven per cent., interest payable quarterly) "for the amount due, including unpaid interest, will bear the stipulated rate of interest only, without rests, until payment.

The syllabus of the decision in the other case is this:

"That after they" (the ten per cent bonds) "become due, they bear the agreed rate until paid, or until judgment thereon; and the judgment will, under the statute, bear the same rate of interest."

We think the question is settled by these two decisions.   But if it were otherwise, we are of the opinion that on other grounds the plaintiff is not entitled to the relief sought.   The judgment against Campbell was rendered in October, 1859, more than twenty-nine years ago.   The order of the court, that the whole amount found due, should bear interest at ten per cent., was not "a clerical inaccuracy," to be disregarded, or even a mistake in the computation of the amount due.   If not warranted by law, it was error, which should have been reviewed by proceedings in error, within three years. · If it was a case in which, for any of the grounds enumerated in the statute, the judgment might be vacated or modified after the term at which it was rendered, the same or a less limitation applies—and the action would probably be barred under the general statute of limitations.   It is true, no such plea has been interposed.   But, in the interest of justice, we might still allow it to be filed, as the court has full discretion to do so.   And, under the circumstances disclosed, if it were necessary, we might feel bound to do this, as the claim now presented is certainly a stale one.   The judgment was recovered nearly thirty years ago.   Mr. Campbell, the defendant, as we all know, was an eminent lawyer, and well able to guard his rights.   He certainly knew of the judgment and its terms.   He made frequent payments on it during his life-time, (having lived many years after its rendition,) without making any objection to its form, so far as it appears.   In 1885, it was revived in a proceeding to which the administratrix of his estate was a party, having voluntarily entered her appearance, and in which no objection was made to the judgment.   We think that no good cause is shown why the relief asked should be granted, and the decree will be in favor of the defendant, with costs.

Thomas Millikin, attorney for plaintiff.

Morey, Andrews & Morey, attorneys for defendant.